# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In re H.S.

No. 20-0379 (Nicholas County 19-JA-128)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.J., by counsel Susie Hill, appeals the Circuit Court of Nicholas County's March 6, 2020, order terminating his parental rights to H.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Denise N. Pettijohn, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the filing of the instant petition, the mother's parental rights to three older children were involuntarily terminated in March of 2019 during a prior abuse and neglect proceeding. Petitioner was the father of one of those three children, and his parental rights to that child were involuntarily terminated in May of 2019, just months before H.S.'s birth. The DHHR filed the instant child abuse and neglect petition against petitioner and the mother in October of 2019 alleging that the mother tested positive for marijuana upon admission to the hospital for the birth of H.S. The DHHR further alleged that neither petitioner nor the mother had corrected the conditions of abuse and neglect that led to the prior termination of their parental rights—their substance abuse. Later that month, the DHHR filed an amended petition alleging that H.S.'s

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

umbilical cord tested positive for buprenorphine and marijuana. Both parents waived their preliminary hearings.

The circuit court held two adjudicatory hearings in December of 2019 and January of 2020, during which a Child Protective Services ("CPS") supervisor testified consistently with the allegations in the petition. The supervisor also clarified that the prior abuse and neglect proceeding concerned allegations of domestic violence in the home, in addition to the substance abuse issues. Because the evidence showed that the child was born drug-exposed, the supervisor testified that neither parent had corrected the circumstances that required the previous termination of their parental rights. In light of the evidence, the circuit court found that (1) both parents had their parental rights terminated to other children, (2) H.S. tested positive for controlled substances at birth, and (3) there was clear and convincing evidence that H.S. is an abused and neglected child. As a result, the circuit court adjudicated both petitioner and the mother as abusing and neglecting parents and denied their motions for improvement periods.

In March of 2020, the circuit court held a dispositional hearing wherein the DHHR and guardian moved for termination of petitioner's parental rights while he and the mother moved for post-dispositional improvement periods. At the hearing, a CPS caseworker testified that petitioner and the mother had been offered services in prior child abuse and neglect proceedings but that the mother had failed to participate in the drug treatment offered and petitioner had not participated in services, at all. Consequently, the caseworker testified, the DHHR did not provide services in the present matter. Under cross-examination, the CPS worker admitted that petitioner had showed relative compliance in the current matter by remaining employed, maintaining housing, and participating in drug screenings. However, the caseworker still recommended termination of petitioner and the mother's parental rights based on their lack of participation in prior proceedings, prior involuntary terminations of parental rights, and current drug use upon the birth of H.S. Petitioner and the mother also testified, admitting to the prior termination of their parental rights but maintaining that they would comply with any services the DHHR would offer in the instant proceeding. Under cross-examination, petitioner admitted to using buprenorphine without a prescription, and the mother admitted to using marijuana during the last two months of her pregnancy.

At the conclusion of the dispositional hearing, the circuit court found that petitioner did not appear at the adjudicatory or dispositional hearings in his prior abuse and neglect case that ended a few months before the filing of the instant petition and that he had tested positive for marijuana, buprenorphine, and amphetamine during the prior proceedings. As such, the circuit court considered petitioner's drug use and found that even if the parents had shown some evidence of being drug-free after the instant petition was filed, the mother still admitted to using marijuana during her pregnancy, and petitioner admitted to using buprenorphine without a valid prescription. Ultimately, the circuit court denied the parents' motions for improvement periods, finding there was no reasonable likelihood that they could correct the conditions of abuse and neglect in the near future and that termination of their parental rights was necessary for the child's welfare. The circuit

2

court terminated petitioner's parental rights by order entered on March 6, 2020. It is from this dispositional order that he now appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

According to petitioner, the circuit court erroneously denied him an improvement period based on his actions in prior abuse and neglect proceedings and "not on the merits of this case." Petitioner argues that he "was following all of the requirements" set forth by the DHHR. Petitioner asserts that he participated in a drug rehabilitation program and counseling of his own accord, in addition to gaining employment and housing. As such, petitioner also argues that he showed sufficient progress and improvement to warrant the granting of an improvement period. Upon our review, we find that petitioner is entitled to no relief.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). Finally, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Petitioner avers that he has made some improvements since the filing of the instant petition; however, the record shows that petitioner and the mother continued to abuse drugs during her pregnancy with H.S. despite knowing the risks to the child's health. Those same conditions of abuse and neglect led to the involuntary termination of petitioner's parental rights to an older child. Although petitioner asserts that he completed substance abuse treatment on his own and without the assistance of the DHHR since the filing of the instant petition, the record contains no evidence corroborating this claim. Further, petitioner's ability to care for

---

[2]The mother's parental rights were also terminated. According to the DHHR, the permanency plan for the child is adoption by her foster family.

H.S. is in question because he could not care for his older child and failed to participate in any services in the prior abuse and neglect proceeding to enable him to rectify that failing. By refusing to participate in services in that prior proceeding (which resulted in the termination of petitioner's parental rights with regard to that older child a mere five months before the birth of H.S.) and continuing to abuse drugs, petitioner failed to make any substantial changes to his circumstances despite the DHHR's prior interventions and services. Therefore, it is clear that petitioner was unlikely to fully participate in an improvement period had the circuit court granted one in this case, and we find no error in the circuit court's decision not to do so.

Finally, petitioner argues that the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future was not supported by the evidence. He further asserts that the circuit court should have imposed a less-restrictive dispositional alternative to the termination of his parental rights. We disagree.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. "No reasonable likelihood that conditions of neglect or abuse can be substantially corrected" means that "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." *Id.* at § 49-4-604(d). We also acknowledge that "the legislature has reduced the minimum threshold of evidence necessary for termination [of parental rights] where one of the factors outlined in [West Virginia Code § 49-4-605] is present," such as the involuntary termination of parental rights to the sibling of a child named in the petition. Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999). However, "prior to the [circuit] court's . . . disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary termination(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s)." *Id.* at 437, 518 S.E.2d at 865, syl pt. 4, in part.

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect in this case given that he continued to engage in the same substance abuse that led to the termination of his parental rights to an older child approximately five months before H.S. was born. Despite the DHHR's extensive services offered to petitioner in the previous case, there is no indication that petitioner has made any substantial improvements or was willing or able to make changes to his abusive and/or neglectful behavior in the future. As such, the evidence supports the circuit court's conclusion that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Lastly, we find that the termination of petitioner's parental rights was necessary for the child's welfare, given petitioner's failure to remedy the chronic conditions at issue that resulted in the prior termination of his parental rights to an older child.

To the extent petitioner claims that he should have been granted a less-restrictive disposition, we have held that

4

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, a less-restrictive dispositional alternative was not warranted.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 6, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5